# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **PLATINUM TROPHY HUNTS LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:22-cv-00496-LY** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Philadelphia Indemnity Insurance Company's Opposed Partial Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed August 11, 2022 (Dkt. 24); Plaintiff's Response, filed August 23, 2022 (Dkt. 25); and Defendant's Reply, filed August 30, 2022 (Dkt. 26). On September 6, 2022, the District Court referred the motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Dkt. 27.

## I.    Background

Plaintiff Platinum Trophy Hunts LLC ("Platinum") brings this insurance coverage action against its insurer, Philadelphia Indemnity Insurance Company ("Philadelphia"), after its property damage claim was denied.

On December 30, 2021, Philadelphia issued Platinum a commercial package policy ("Policy") to provide insurance coverage for Plaintiff's property located at 4437 KC 472, Junction, TX 76849

("Property"). Dkt. 17-4. Platinum alleges that a wind and hailstorm on June 13, 2021 caused "extensive damage" to the Property, including "roof damage and interior leaks." Dkt. 17 (Plaintiff's Second Amended Complaint) ¶ 8. On an unspecified date, Platinum submitted a claim to Philadelphia for damages resulting from the storm. *Id.* ¶ 9. Philadelphia provided an initial estimate of the covered damages amounting to $4,741.61 after accounting for a $2,500 deductible, which Platinum alleges "severely undervalued" the damage. *Id.* ¶ 10. After providing the estimate, Philadelphia hired an engineer, Ezequiel Juarez Ocanas, who inspected the property on September 2, 2021. Ocanas states in his report that:

> Hail impacts from the **May 10, 2021**, storm event had not damaged the metal roofing of the buildings. Hail impacts from preceding hail events caused indentations in the metal roofing of the buildings. The hail-impact indentations had not compromised the functionality of the metal roofing.
>
> Wind had not damaged the metal roofing panels or the exterior wall finishes of the buildings.
>
> The observations and conditions from our inspection indicated that there were localized moisture stains at the interior ceiling finish of the living room of Building 1 due to rainwater intrusion through non-storm-created openings resulting from ineffective chimney flashings and age-related deterioration of sealants between metal roofing fasteners and chimney flashings.

Dkt. 17 ¶ 11 (emphasis added). Platinum alleges that the actual date of the storm was July 13, 2021, and the conclusions in the report can be disputed if they were based an incorrect date of loss. *Id.* ¶¶ 12, 14.

On September 28, 2021, Philadelphia informed Platinum that its claim was denied because it was subject to the "cosmetic damage exclusion," which Platinum alleges was a "pretextual reason to deny the Plaintiff's claim despite the clear evidence of the Plaintiff's roof leaks following the Storm at issue." *Id.* ¶ 15. Platinum attaches as an exhibit to the Second Amended Complaint a

report from its own expert, Michael Ogden, who inspected the property on October 11, 2021. Dkt. 17-3. Ogden opines that the damage incurred was functional, not cosmetic. *Id.* at 4.

On April 6, 2022, Platinum filed suit against Philadelphia in state court, asserting breach of contract, statutory, and common law claims. *Platinum Trophy Hunts, LLC v. Philadelphia Ins. Co.*, No. DCV-2022-2214 (452nd Dist. Ct., Kimble Cnty., Tex. Apr. 6, 2022). Dkt. 1-5. Philadelphia removed the action to this Court on May 20, 2022. Dkt. 1. On July 13, 2022, the District Court granted Platinum leave to amend its complaint for a second time. Dkt. 16. In the Second Amended Complaint, which is Platinum's live pleading, Platinum asserts claims for breach of contract, violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"), common law fraud, breach of the common law duty of good faith and fair dealing, and retaliatory non-renewal of the Policy. Platinum seeks damages, attorneys' fees, and other relief under the Texas Insurance Code.

Philadelphia now moves for partial dismissal of Platinum's claims, arguing that Platinum has failed to state a claim for violations of the Texas Insurance Code and DTPA, breach of its duty of good faith and fair dealing, and common law fraud.[1] In its Response, Platinum waives any challenges to dismissal of its DTPA and common law fraud claims. Dkt. 25 at 2. Platinum otherwise opposes the motion.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.

---

[1] The Motion does not address Platinum's claims for breach of contract, violations of the Prompt Pay Act (TEX. INS. CODE § 542.055, .056, .058), or attorneys' fees and statutorily permitted interest.

2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th

Cir. 2004)). The Supreme Court has explained that a complaint must contain sufficient factual

matter "'to state a claim to relief that is plausible on its face.' A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does
> not need detailed factual allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of
> action will not do. Factual allegations must be enough to raise a right
> to relief above the speculative level, on the assumption that all the
> allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a

Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry

is generally limited to (1) the facts set forth in the complaint, (2) documents attached to the

complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence

201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### III.    Analysis

The Court addresses in turn Platinum's claims for violations of the Texas Insurance Code,

breach of the duty of good faith and fair dealing, and retaliatory non-renewal.

### A.  Texas Insurance Code

Platinum asserts that Philadelphia is liable for the following claims under the Texas Insurance

Code: (1) making misrepresentations, in violation of §§ 541.051(1)(A), (B), .060(a)(1), .061(1),

and 542.003(b)(1); (2) failure to effectuate a prompt, fair, and equitable settlement when liability

under the Policy was reasonably clear, in violation of § 541.060(a)(2)(A); (3) failure to provide a

reasonable explanation for its settlement offer, in violation of § 541.060(a)(3); (4) failure to affirm

or deny coverage of the claim within a reasonable time, or to submit a reservation of rights to Plaintiff, in violation of § 541.060(a)(4); (5) failure to conduct a reasonable investigation, in violation of § 541.060(a)(7); and (6) violations of § 542.003. Philadelphia responds that Platinum's claims based on alleged misrepresentations are not actionable because the statements are "post-loss representations," not related to the details of the Policy. Philadelphia further argues that Platinum has failed to allege sufficient facts in support of its claims and there is no private cause of action under § 542.003.

### 1. Claims Based on Misrepresentations

Platinum alleges that Philadelphia made misrepresentations in violation of Texas Insurance Code §§ 541.051(1)(A), (B); 541.060(a)(1); and 541.061(1), (2) by providing an initial estimate that undervalued the damage and denying coverage under the Policy. Philadelphia responds that these statements are not actionable misrepresentations because they are post-loss statements regarding coverage. The Court agrees.

Texas Insurance Code § 541.051(1)(A) and (B) provide:

> It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to:
>
> > (1) make, issue, or circulate or cause to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:
> >
> > > (A) the terms of the policy; [or]
> > >
> > > (B) the benefits or advantages promised by the policy.

Section 541.060(a)(1) states:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
>
> > (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue . . . .

Section 541.061(1) and (2) state:

> It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by:
>
> > (1) making an untrue statement of material fact; [or]
> >
> > (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made.

Under Texas law, these provisions of the Texas Insurance Code do not provide a cause of action based on post-loss statements regarding coverage. Courts have dismissed claims under each of these provisions for alleging misrepresentations related to the extent of damages, the cause of the damage, or repair costs, rather than the terms of the policy. *See, e.g.*, *Overstreet v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:20-CV-242-A, 2020 WL 6132229, at *3 (N.D. Tex. Aug. 25, 2020) (dismissing claims under §§ 541.051(1)(A), (B), 541.060(a)(1), and 541.061(1), (2)).

In *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 446 (Tex. 2012), the Texas Supreme Court held that the plaintiff could not recover under § 541.061 because the plaintiff had not identified any untrue statement made by the insurer regarding the policy. The dispute instead centered on whether an accident was "factually within the policy's terms." *Id.* Similarly, in *Reed v. Safeco Ins. Co. of Indiana*, No. 5-21-CV-00181-FB-RBF, 2022 WL 5571588, at *4 (W.D. Tex. July 5, 2022), the plaintiff alleged that the insurer made a misrepresentation under § 541.060(a)(1) by denying that a storm caused the damage to the plaintiff's property and declining coverage under the policy. The district court granted summary judgment for the defendant because "the misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *Id.* (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014)). The Court further stated that "the misrepresentation is not about the breadth or existence of coverage, it is about the facts that gave rise to a policy claim." *Id.; see also Gooden v. State Farm Lloyds*, No. 4:20-CV-00698-O, 2021 WL 7906860, at *3 (N.D. Tex. May 11, 2021) (granting summary

judgment on § 541.060(a)(1) claim because plaintiff, who alleged that defendant provided a "grossly inaccurate estimate" of plaintiff's coverage under the policy, alleged only "categorically post-loss statements regarding coverage").

Here, Platinum alleges that Philadelphia made misrepresentations by undervaluing the property damage in its estimate and informing Platinum that the damages from the hailstorm were not covered under the Policy. These are post-loss statements regarding coverage and thus do not constitute misrepresentations under the Texas Insurance Code. *See Thomas v. State Farm Lloyds*, 2015 WL 6751130, at *3 (N.D. Tex. Nov, 4, 2015) (stating that "an insurer does not misrepresent a policy when it disagrees with the insured party as to whether the policy covers a claim").

## 2.   Sections 541.060(a)(2)(A) and 541.060(a)(7)

Next, Platinum alleges that Philadelphia violated § 541.060(a)(2)(A) because it "failed to attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy." Dkt. 17 ¶ 46. Platinum further alleges that Philadelphia violated § 541.060(a)(7) because it "performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property." *Id.* ¶ 50. In support, Platinum alleges that Philadelphia "grossly undervalued" the damage to the Property, the inspection Philadelphia commissioned was a "sham," and the inspector's report contained inaccuracies, including the date on which the hailstorm occurred. Philadelphia argues that Platinum's allegations are conclusory and therefore fail to state a claim.

Section 541.060(a)(2)(A) defines an unfair settlement practice as "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Section 541.060(a)(7) prohibits an insurer from "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." Texas law treats § 541.060(a)(2) and § 541.060(a)(7) as codifications of an insurer's common law

duties of good faith and fair dealing. *Texas Ass'n of Sch. Bds., Inc. v. Travelers Cas.*, No. 1:15-CV-369-RP, 2016 WL 4257748, at *9 (W.D. Tex. July 7, 2016); *SHS Inv. v. Nationwide Mut. Ins. Co.*, 798 F. Supp. 2d 811, 821 (S.D. Tex. 2011) (stating that standard for claims under either subsection is the same as standard for common law claim for breach of insurer's duty of good faith and fair dealing). These claims require a showing that the insurer denied coverage without a reasonable basis. *Universal Life Ins. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997). Reliance on an expert's report will not shield the insurer from bad faith liability "if there is evidence that the report was not objectively prepared or the insurer's reliance on the report was unreasonable." *Torres v. Lloyd's of London Syndicate*, No. 4242, 2011 WL 6257144, at *7 (S.D. Tex. Dec. 14, 2011) (quoting *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997)). An investigation is not reasonable if the insurer conducts it "in a manner designed, not to discover the objective facts, but only to defeat coverage." *Id.* (quoting *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 47 (Tex. 1998)). In determining the reasonableness of an insurer's decision, a court reviews the facts that were available to the insurer at the time of denial. *Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990).

Although Platinum's claim under § 541.060(a)(2)(A) tracks the statutory language, Platinum also offers facts in support of its claim. Platinum alleges that Philadelphia relied on Ocanas' inaccurate report in denying its claim despite Philadelphia's knowledge of the date of loss claimed by Platinum. Platinum also alleges that Ocanas' report ignored clear evidence of roof leaks. Other courts have found similar allegations sufficient to state a claim. *See, e.g.*, *Grimes v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:10-CV-4625, 2011 WL 13248993, at *5 (S.D. Tex. Nov. 22, 2011) (denying 12(b)(6) motion where plaintiff alleged that insurer entirely relied on report that wrongfully minimized plaintiff's losses and alleged specific facts regarding inaccuracy in report).

Viewed in the light most favorable to Platinum, these allegations are sufficient to survive a Rule 12(b)(6) motion.[2]

Although Platinum's allegation that Philadelphia performed an outcome-oriented investigation is insufficient by itself to state a claim under § 541.060(a)(7),[3] Platinum also alleges that Ocanas ignored clear evidence of roof leaks and that his report contained inaccurate information. *See Aviles v. Allstate Fire & Cas., Ins. Co.*, No. 5:19-CV-00023, 2019 WL 3253077, at *3 (S.D. Tex. July 9, 2019) (denying motion to dismiss where plaintiff alleged specific deficiencies in adjuster's report), *R. & R. adopted*, 2019 WL 3412433 (S.D. Tex. July 29, 2019). Viewing them in the light most favorable to Platinum, these allegations are sufficient to state a claim under § 541.060(a)(7). Accordingly, the Court finds that Platinum has stated claims under § 541.060(a)(2)(A) and § 541.060(a)(7).

### 3. Section 541.060(a)(3)

Platinum alleges that Philadelphia violated § 541.060(a)(3) because it failed to promptly provide Platinum with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim. Philadelphia responds that Platinum has not alleged any facts related to any "offer of a compromise settlement of the claim" or the timing of the coverage decision.

Section 541.060(a)(3) provides a cause of action against an insurer for "failing to promptly provide" a reasonable explanation of the basis for the insurer's denial of a claim or offer of a

---

[2] As other courts have noted, assessing whether liability was reasonably clear is an inquiry best suited for summary judgment. *CapLOC LLC v. Liberty Mut. Ins. Eur. Ltd.*, No. 3:20-CV-3372-B, 2021 WL 2551591, at *9 (N.D. Tex. June 22, 2021).

[3] *See Cortez v. W. Mut. Ins. Co.*, No. 5:19-CV-430-OLG, 2019 WL 10349397, at *3 (W.D. Tex. June 24, 2019) (dismissing claim under 541.060(a)(7) where plaintiff's only allegations were that insurer conducted an outcome-oriented investigation); *DB Broadway Commons LLC v. Cent. Mut. Ins. Co.*, No. 5:18-CV-412-DAE, 2018 WL 9877972, at *4 (W.D. Tex. Aug. 14, 2018) (same).

compromise settlement of a claim. TEX. INS. CODE § 541.060(a)(3). Platinum does not plead any facts related to the timeliness of Philadelphia's actions. O*verstreet v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:20-CV-242-A, 2020 WL 6132229, at *4 (N.D. Tex. Aug. 25, 2020) (dismissing claim under § 541.060(a)(3) where plaintiff pled no facts related to timeliness). Platinum's allegation that Philadelphia "failed to explain to Plaintiff the reasons for their offer of inadequate settlement" merely tracks the language of the statute and thus fails to state a claim. *See Cortez*, 2019 WL 10349397, at *3 (dismissing as conclusory claim with similar allegations); *SJ Auto Brokers, Inc. v. Union Ins. Co.*, No. MO:19-CV-00016-DC, 2019 WL 10369658, at *3 (W.D. Tex. July 24, 2019) (dismissing claim under § 541.060(a)(3) where plaintiff alleged that defendant "failed to explain to the Plaintiff the reasons for their offer of an inadequate settlement" nor why "full payment was not being made" because conclusory statements merely tracked language of statute).

Platinum's allegation also contradicts other allegations in the Second Amended Complaint. For example, Platinum alleges that Philadelphia issued a partial denial letter explaining that the damage was cosmetic in nature and therefore not covered under the Policy. The letter states:

> [W]e reviewed the coverage afforded under the policy contract PHPK2246963. In our review of this Contract, we have found that this policy excludes cosmetic wind and hail damage. Additionally, we have found that roof leaks are not covered unless the building first sustains damage from a covered cause of loss through which the water enters.

*See Howley v. Bankers Standard Ins. Co.*, No. 3:19-CV-2477-L, 2021 WL 913290, at *17 (N.D. Tex. Mar. 10, 2021) (dismissing claim under § 541.060(a)(3) where plaintiff's claim that defendant failed to promptly provide reasonable explanation was contradicted by other allegations that defendant provided a reason for the denial of coverage).

Because § 541.060(a)(3) only requires an insurer to provide a reasonable explanation, the Court finds that Platinum has failed to state a claim under § 541.060(a)(3).

**4.  Section 541.060(a)(4)**

In addition, Platinum alleges that it "did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant." Dkt. 17 at 49. Philadelphia again argues that Platinum has merely recited the statutory language and therefore fails to state a claim. The Court agrees.

Texas Insurance Code §541.060(a)(4) requires that insurers "affirm or deny coverage of a claim to a policyholder . . . or submit a reservation of rights to a policyholder" within a reasonable amount of time. Platinum alleges no facts related to the timeliness of Philadelphia's response. *See Cortez*, 2019 WL 10349397, at *3 ("[A]lthough Plaintiffs contend that Defendants allegedly failed to act 'within a reasonable time,' Plaintiffs' allegations contain no indication at all regarding how long Defendants took to act with respect to Plaintiffs' insurance claim."). The Court therefore finds that Platinum has failed to state a claim under § 541.060(a)(4).

**5.  Section 542.003(b)**

Platinum also brings claims under § 542.003(b). Philadelphia correctly argues that there is no private cause of action under § 542.003; only the Texas Department of Insurance may bring a claim under § 542.003. *Lester v. Unitrin Safeguard Ins. Co.*, No. 4:20-CV-404-A, 2020 WL 4583839, at *4 (N.D. Tex. Aug. 10, 2020) (collecting cases); *Great Am. Assur. Co. v. Wills*, No. SA-10-CV-353-XR, 2012 WL 3962037, at *2 (W.D. Tex. Sept. 10, 2012). Platinum's claims under § 542.003(b) therefore should be dismissed.

**B.  Good Faith and Fair Dealing**

Platinum's claim that Philadelphia breached its duty of good faith and fair dealing is based on the same theories as its statutory claims under § 541.060(a) and § 541.060(a)(7). Philadelphia argues that the facts as pled demonstrate a disagreement between experts rather than bad faith. Philadelphia further argues that Texas courts do not consider a common law good faith and fair

dealing claim to be actionable unless the insured has suffered damages beyond the damages claimed for, or resulting from, breach of the insurance policy contract.

Under Texas law, there is a duty on the part of the insurer to deal fairly and in good faith with an insured in the processing of claims. *Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 459 (5th Cir.1997) (citing *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). As stated, Texas law treats § 541.060(a)(2) and § 541.060(a)(7) effectively as codifications of an insurer's common law duties of good faith and fair dealing. *Texas Ass'n of Sch. Bds.*, at *9; *Bernal v. All State Vehicle & Prop. Ins.*, No. 7:22-CV-00015, 2022 WL 1028086, at *7 (S.D. Tex. Apr. 6, 2022). The sufficiency of a breach of good faith and fair dealing claim therefore is coextensive with statutory claims under § 541.060(a)(2) and § 541.060(a)(7). *Bernal*, 2022 WL 1028086, at *7.

Because the Court declined to recommend dismissal of Platinum's claim under § 541.060(a)(2)(A) and § 541.060(a)(7), the Court declines to recommend dismissal of Platinum's breach of the duty of good faith and fair dealing premised on the same theory. *See id.* ("Because the Court declined to dismiss all of Plaintiff's claims under [§ 541.060(a)(2), (3)], for those same reasons, the Court declines to dismiss Plaintiffs similar claims for breach of duty of good faith and fair dealing."); *cf. Hall Arts Ctr. Off., LLC v. Hanover Ins. Co.*, 327 F. Supp. 3d 979, 1000 (N.D. Tex. 2018) ("In this case, for the same reasons that [plaintiff's] claim for breach of the duty of good faith and fair dealing fails, its § 541.060(a)(2)(A) and § 541.060(a)(7) claims fail as well.").

Philadelphia argues that Texas courts do not consider a common law good faith and fair dealing claim, or Texas Insurance Code claims, to be actionable unless the insured "has suffered damages beyond the damages claimed for, or resulting from, breach of the insurance policy contract." Dkt. 24 at 10 (quoting *Weidner v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:13-CV-263, 2014 U.S. Dist. LEXIS 116036, at *18 (E.D. Tex. June 9, 2014)). The Court disagrees.

The Texas Supreme Court has described "five distinct but interrelated rules that govern the relationship between contractual and extra-contractual claims in the insurance context." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018). Three are relevant here:

> First, as a general rule, an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits. Second, an insured who establishes a right to receive benefits under the insurance policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits. . . . Fourth, if an insurer's statutory violation causes an injury independent of the loss of policy benefits, the insured may recover damages for that injury even if the policy does not grant the insured a right to benefits.

*Id.*

Under the first rule, Platinum generally cannot recover policy benefits as damages for Philadelphia's alleged statutory violation if the insurance policy does not provide Platinum a right to receive those benefits. *See id.* at 490-95. Because there is a live dispute as to whether Platinum is entitled to additional policy benefits under the insurance contract, there has been no determination that the Policy does not provide Platinum this right, and the first rule does not apply.

The second rule, often referred to as the "entitled-to-benefits" rule, posits that "an insured who establishes a right to receive benefits under the insurance policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits." *Id.* at 489. Platinum is pursuing a breach of contract claim as well as claims under the Texas Insurance Code and common law pursuant to the entitled-to-benefits rule.

The fourth rule does not bar this approach. In *Menchaca*, the Court clarified that "where an insured seeks to recover damages for an insurer's violations of the Texas Insurance Code, the insured must prove either (1) a right to receive benefits under the policy; or (2) compliance with the independent-injury rule." *Garza v. Allstate Fire & Cas. Ins. Co.*, 466 F. Supp. 3d 705, 713 (S.D. Tex. 2020) (citing *Menchaca*, 545 S.W.3d at 500-01); *accord Burgess v. Allstate Fire &*

*Cas. Ins. Co.*, 641 S.W.3d 474, 481 (Tex. App.—Austin 2021, no pet.). Platinum is pursuing the first option and therefore need not allege an independent injury to assert extra-contractual claims. *See St. Luke's United Methodist Church v. Church Mut. Ins. Co.*, No. 2:20-CV-00053, 2022 WL 980352, at *7 (S.D. Tex. Mar. 31, 2022).

The Fifth Circuit Court of Appeals confirmed this approach in *Lyda Swinerton Builders, Inc. v. Oklahoma Surety Co.*, 903 F.3d 435, 451 (5th Cir. 2018). In that case, the Fifth Circuit reversed the district court's judgment, which had construed Texas law to require a plaintiff to first establish an independent injury before obtaining extra-contractual damages under the Texas Insurance Code. *Id.* The court rejected this interpretation, stating that "the independent-injury rule does not restrict the damages an insured can recover under the entitled-to-benefits rule." *Id.* at 452. The court held that the plaintiff could recover actual damages under Chapter 541 if, on remand, the plaintiff could establish that the defendant's alleged misrepresentations caused the plaintiff to be deprived of a benefit under the insurance policy. *Id.* at 453. The court reiterated that the recovery of any actual damages in this manner is "without limitation from the independent-injury rule." *Id.*

Based on the foregoing, the undersigned concludes that Platinum has stated a claim for breach of good faith and fair dealing, and that none of its claims are barred by the independent injury rule.

## C. Retaliatory Non-Renewal

Finally, Platinum alleges that Philadelphia retaliated against it by not renewing the Policy. Philadelphia argues that an insurer may choose not to renew a policy by providing written notice, which Philadelphia did, as evidenced in Exhibit F to the Second Amended Complaint. Dkt. 17-6.

An insurer may choose not to renew a policy if it provides the insured a written notice no later than 30 days before the policy expires. TEX. INS. CODE § 551.105. Platinum identifies no specific cause of action and failed to respond to Philadelphia's argument. The Court therefore finds that this claim should be dismissed.

## IV.    Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART and DENY IN PART** Defendant Philadelphia Indemnity Insurance Company's Opposed Partial Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 24). The undersigned recommends that the District Court **GRANT** the Motion as to the following claims:

1. Violations of Texas Insurance Code §§ 541.051(1)(A), (B); .060(a)(1); .061(1), (2); .060(a)(3), (4); 542.003(b);

2. Violations of the Texas Deceptive Trade Practices Act;

3. Common law fraud; and

4. Retaliatory non-renewal.

The undersigned recommends that the District Court **DENY** the Motion as to Platinum's claims that Philadelphia breached its duty of good faith and fair dealing and violated Texas Insurance Code § 541.060(a)(2)(A) and § 541.060(a)(7).

The Court further **ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to

proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on December 19, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE